Alberto MOSQUEDA, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–73088.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 27, 2007.*

Filed Sept. 6, 2007.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, Anthony C. Payne, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY and THOMAS, Circuit Judges.

## MEMORANDUM **

Alberto Mosqueda, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings due to ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

Mosqueda does not explain why he waited nearly three years to file a motion to reopen based on the ineffective assistance of his former counsel, despite hiring new counsel in time to file a petition for review of the BIA's underlying decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (generally requiring that motions to reopen be filed within 90 days of the entry of a final administrative order of removal). Mos-

queda thus failed to show grounds for equitable tolling. *Iturribarria,* 321 F.3d at 897 (the limitations period for filing a motion to reopen may be tolled "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud or error").

Because the untimeliness of Mosqueda's motion to reopen is dispositive, we do not consider Mosqueda's due process claim.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.